The appellants, Charles C. and Bernard T. McGorty, sons of Kathryn M. McGorty, are co-conservators of her estate inasmuch as she has been adjudged an incompetent person. The appellants had applied to the Trumbull Probate Court for the approval of gifts from the estate, to each conservator and their wives, a total of four gifts of $10,000.00 each. The Probate Court by its decree dated January 29, 1990 denied approval, which the appellants appealed to this court where a trial de novo was had.
The facts are that the appellants have been appointed and qualified as her conservators and that she is incompetent. Kathryn McGorty is or was ninety-three years old in 1990 when the application was made and at that time her estate was valued at $255,851.05. She presently resides with Charles McGorty and his wife where she is well cared for and who are reimbursed by the estate for her expenses. According to the "U.S. Decimal Life Tables for 1979-81" her life expectancy is 3.88 years. The evidence discloses that Charles, her son, has eight children whose upbringing, education and marriages have been costly to him. Bernard, her remaining son and child, has four children and he has the same monetary problems as Charles, plus the fact that he has been without employment since 1985. Charles' wife has given up her employment in order to care for Kathryn and so she and her husband have suffered a financial loss of income. In 1987, 1988 and 1989 the appellants made application for similar gifts of $10,000.00, two in 1987, four in 1988 and four in 1989 to the Trumbull Probate Court, all of which were granted. Kathryn, before her incompetency, gave her sons and grandchildren gifts of money and in one case shares of stock in a bank. She had a close relationship with her sons and was vitally interested in their welfare which she demonstrated by naming both sons as her heirs.
Under the statutes in Chapter 802h of the Connecticut General Statutes it is apparent that the Probate Court is charged with the CT Page 5349 management of incompetent's estates and the authority of that court to make allowances from an incompetent estate is the logical outgrowth of the court's powers in the disposition and management of such person's assets. It has been generally recognized that under proper circumstances, grants to needy relatives of the surplus income of an incompetent are proper, and the principal also has been generally recognized that the incompetent would so act for herself if she were of sound mind. It has been recognized in addition that such courts have the power and authority to transfer incompetent's assets for the purpose of avoiding unnecessary estate or inheritance taxes, or expenses of administration and to allow such action where it appears from all circumstances that the incompetent if sane would so plan her estate as a reasonably prudent woman. See In Re Christansen, 56 Cal.Rptr. 505; In Re Dupont, 194 A. 2nd 309; In Re Carson, 241 N.Y. Supp.2d 288
. Section 45a-655 (e) C.G.S. authorizes gifts by conservators of estates. Requirement (1) thereof speaks of individuals not related by blood or marriage. However, the four donees are related to the incompetent by blood and marriage, and there is compliance therewith in that Kathryn had while competent made gifts to her sons and their offspring. Requirement (2) is not concerned herein since a charity is not involved. Requirement (3) is well met since the estate at the time, 1990, had $255,851.05, which was more than sufficient to carry out the duties of the conservator as set forth in the chapter for the present and foreseeable future including due provision for the continuing proper care, comfort and maintenance of such incompetent in accordance with her standard in living. With respect to requirement (4) no issue has been raised that the purpose of the gifts is to diminish the estate so as to qualify for federal or state aid or benefits. Requirement (5) is not involved herein. The medical condition of the incompetent is that she has Alzheimer's disease and has no prospect of restoration to capacity. The size of the estate together with its income from Social Security and the investments of its assets is such that it can support the incompetent after the gifts are made, and in this court's judgment, Kathryn would have acted to make the gifts, if she was capable, in order to minimize taxes of all kinds, consistent with proper estate planning. It is also the judgment of the court that she would have recognized the needs of her sons and their wives and gladly given them the money to alleviate their monetary concerns. The court also takes into consideration that her will names both sons as her heirs and that the estate will ultimately descend to the two conservators.
The application of the appellants Charles C., Bernard T, Judith and Edith McGorty for gifts to each in the sum of $10,000.00 each for the year 1990 is hereby granted and the conservators are authorized to make those gifts to the individuals named. CT Page 5350